IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:14-CR-177-FL-1
No. 5:17-CV-57-FL

| | | |
|---|---|---|
| KENNETH CHRISTOPHER JACOBS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255 (DE 41). Also before the court is the government's motion to dismiss, made pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 45). The issues raised are ripe for ruling.[1] For the reasons that follow, the court denies petitioner's motion to vacate and grants the government's motion to dismiss.

## BACKGROUND

On March 9, 2015, petitioner pleaded guilty, pursuant to a written plea agreement, to possession with intent to distribute a quantity of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). On June 30, 2015, the court sentenced petitioner to 168 months' imprisonment. Petitioner appealed his judgment, but the Fourth Circuit Court of Appeals affirmed. See United States v. Jacobs, 632 F. App'x 134 (4th Cir. 2016).

On January 26, 2017, petitioner filed the instant motion to vacate under 28 U.S.C. § 2255, arguing: 1) his attorney provided ineffective assistance of counsel by advising him that he would

---

[1] This § 2255 matter and underlying criminal case were reassigned to the undersigned district judge upon retirement of the district judge who presided over petitioner's original judgment of conviction and sentencing.

not receive more than 60 months' imprisonment; 2) his appellate counsel provided ineffective assistance of counsel by failing to raise any significant issues; and 3) the court abused its discretion by sentencing him to a term of imprisonment that was greater than what the government recommended. In its motion to dismiss, filed on March 13, 2017, the government argues that petitioner's § 2255 motion should be dismissed for failure to state a claim upon which relief can be granted.

**COURT'S DISCUSSION**

A.  Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B.  Analysis

1.  Petitioner fails to state a claim of ineffective assistance of counsel.

Petitioner has raised two ineffective assistance of counsel claims. See Mot. Vacate (DE 41); Mot. Vacate Mem. (DE 41-1). In order to establish ineffective assistance of counsel, a petitioner must satisfy a two-pronged test. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Under the first prong, a petitioner must show that the representation "fell below an objective standard of reasonableness." Id. at 688. The court must be "highly deferential" to counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the

court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. The second prong requires a petitioner to show that he was prejudiced by the ineffective assistance by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. This court will apply the Strickland standard to each of petitioner's claims.

    a.    Improperly advised

In his first claim, petitioner initially alleges that his attorney provided ineffective assistance by advising him that he would not receive more than 60 months' imprisonment if he pleaded guilty. Mot. Vacate Mem. (DE 41-1) at 1, 5-9. Petitioner argues that he was prejudiced because he received a sentence of 168 months. Id. at 1. Petitioner further argues that if he had gone to trial, his sentence would not have exceeded 168 months and "could have" resulted in an acquittal. Id. Next, petitioner alleges that his appellate counsel provided ineffective assistance by failing to raise this issue on direct appeal. Id. at 11.

Petitioner's initial argument must fail because it is belied by his statements made during arraignment. At petitioner's arraignment, held on March 9, 2015, he pleaded guilty to Count Four of the indictment. Before doing so, the court advised petitioner as follows:

> Count Four charges you with possession with intent to distribute a quantity of cocaine.
> The penalty for this offense is not more than 20 years imprisonment, plus a fine not to exceed one million dollars, and at least three years supervised release and up to life of supervised release, upon revocation of supervised release not more than two years imprisonment, plus a hundred dollar special assessment, and you might be ordered to make restitution to any victim of your offense.

See Mar. 9, 2015 Tr. (DE 35) at 19:10-18. Petitioner was further questioned by the court:

> The Court: Have you discussed with your attorney the applicability of the sentencing factors including the advisory sentencing guidelines to your case and their potential effect upon your sentence?

3

> Defendant: Yes, sir.
>
> The Court: Do you understand that your attorney's calculation of you [sic] anticipated sentence is only an estimate and that it is the court that will determine your actual sentence?
>
> Defendant: Yes, sir.

Id. at 21:9-17.

Petitioner is bound by his declarations during arraignment, and his current allegations to the contrary must be rejected. See United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) ("[I]n the absence of extraordinary circumstances, . . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" (citations omitted)); see also Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity.").

Petitioner's second argument also fails. An ineffective assistance of counsel claim can be raised on direct appeal only when it conclusively appears from the record that counsel provided ineffective assistance. United States v. Galloway, 749 F.3d 238, 241 (4th Cir. 2014). When there is not such a showing, an ineffective assistance of counsel claim shall be raised in a motion filed pursuant to 28 U.S.C. § 2255 to allow for development of the record. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). In this case, the record does not conclusively show that petitioner's trial counsel provided ineffective assistance. Therefore, appellate counsel did not provide deficient performance by failing to raise this issue on direct appeal. For all these reasons, petitioner's first claim must be dismissed.

### b. Failed to raise significant issues

Petitioner alleges in his second claim that his appellate counsel provided ineffective

assistance by failing to raise <u>any</u> significant issues. Mot. Vacate Mem. (DE 41-1) at 6. A review of the record reveals that petitioner's appellate counsel raised only the following issue on appeal: Whether the district court plainly erred by sentencing him to a ten-year term of supervised release? <u>See</u> <u>Jacobs</u>, 632 F. App'x at 134. This was not deficient performance because appellate counsel was extremely limited in what issues he could raise based upon the appellate waiver contained in petitioner's plea agreement with the government. <u>See</u> Plea Agreement (DE 22) at 1-2. Pursuant to the waiver, petitioner made the following waiver of appellate rights:

> To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal the conviction and whatever sentence is imposed on any ground, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

<u>See</u> <u>id.</u>

At sentencing, the court calculated petitioner's advisory guideline imprisonment range to be between 135 and 168 months' imprisonment. <u>See</u> June 30, 2015 Tr. (DE 36) at 4:15. As noted, the court sentenced petitioner to 168 months' imprisonment. <u>Id.</u> at 12:1-4. Petitioner's advisory guideline supervised release range was three years, and the court imposed a term of ten years of supervised release. <u>Id.</u> at 4:16.

Given the appellate waiver contained in petitioner's plea agreement with the government, his appellate attorney was not ineffective for solely raising the issue regarding supervised release because that was where the court departed from the advisory guideline range. Moreover, an appellate attorney need not address every conceivable issue. In fact, the court "must accord appellate counsel the 'presumption that he decided which issues were most likely to afford relief on

appeal.'" Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) (quoting Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993)). For all these reasons, petitioner's second claim fails under Strickland's performance prong. Because petitioner's claim fails under the performance prong, this court need not address the prejudice prong. See Strickland, 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the [petitioner] makes an insufficient showing on one."). Accordingly, petitioner's second claim will be dismissed.

    2.    Petitioner's third claim is barred by his waiver.

In his third claim, petitioner initially argues that the court abused its discretion by sentencing him to a term of imprisonment that was greater than what the government recommended. Mot. Vacate Mem. (DE 41-1) at 1-2, 9-12. Next, petitioner argues that his appellate counsel provided ineffective assistance of counsel by failing to raise this issue on appeal. Id. at 11.

As noted, petitioner's plea agreement with the government contained a waiver of his right to challenge his conviction or sentence, except in limited circumstances. See Plea Agreement (DE 22) at 1-2. Such a waiver is enforceable if a defendant waives this right knowingly and voluntarily. See Lemaster, 403 F.3d at 220. The determination regarding whether a waiver is knowing and voluntary depends "upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused." United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992) (quoting Johnson v. Zerbst, 304 U.S. 458, 464 (1938)).

In this case, petitioner's plea agreement, which he signed and agreed to in open court, forecloses both of his arguments because petitioner's sentence of 168 months' imprisonment fell within the advisory guideline range as calculated at sentencing. See Plea Agreement (DE 22) 1-2. Moreover, the court finds no reason to believe that petitioner's waiver was not knowing and

voluntary. Even if it were, petitioner is foreclosed from raising the issue because he did not raise it on direct appeal. See Bousley v. United States, 523 U.S. 614, 621 (1998) ("[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review."). Consequently, petitioner's third claim must be dismissed.

C.  Certificate of Appealability

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. Daniel, 529 U.S. 473, 483-84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

Based on the foregoing, the court DENIES petitioner's motion to vacate (DE 41) and GRANTS the government's motion to dismiss (DE 45). The court DENIES a certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 22nd day of May, 2017.

LOUISE W. FLANAGAN
United States District Judge